IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Michel James Laney, | ) | Case No.: 9:17-cv-2322 |
| --- | --- | --- |
| Plaintiff, | ) | ORDER AND OPINION |
| v. | ) | |
| Warden Dennis Bush, Lt. Walker, NFN Olds, Sgt. Hines, Lt. R. Williams, Dr. Myers, Ofc. Kennedy, Captain McNutt, Lt. Livingston, Captain Young, Ofc. J. Montgomery, NFN Brown and Captain Jones, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 27) recommending that the Court dismiss this action without prejudice due to Plaintiff's failure to bring the case into proper form. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

I. **Background and Relevant Facts**

Plaintiff filed this *pro se* action on August 29, 2017. (Dkt. No. 1.) The Magistrate Judge afforded Plaintiff several opportunities to bring his case into proper form. (Dkt. Nos. 7, 11, 17, 23.) The deadline for Plaintiff to bring his case into proper form has passed, and he has failed to comply with the Magistrate Judge's orders to bring the case into proper form.

II. **Legal Standard**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the

Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**III.     Discussion**

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

**IV.     Conclusion**

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 27) as the order of the Court. This action is dismissed without prejudice due to Plaintiff's failure to comply with the Magistrate Judge's order to bring the case into proper form.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February _6_, 2018
Charleston, South Carolina